IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GREGORY L. WALLACE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES A.A. OFFICE,<br>B.I.A. CORRECTIONS PERSONNEL,<br>U.S.B.O.P., MONTANA STATE<br>PRISON INFIRMARY,<br><br>　　　　Defendants. | CV 16-00085-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE<br>JUDGE |

Plaintiff Gregory Wallace, a prisoner at Montana State Prison, proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and a lodged civil complaint. (Doc. 2.) In order to proceed in forma pauperis, Mr. Wallace must overcome the three strikes provision of 28 U.S.C. § 1915(g). Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

-1-

Mr. Wallace filed four civil actions which have been dismissed for failure to state a claim. *See Wallace v. N. Cheyenne Corrections Officers, et al.,* CV-09-00116-BLG-RFC-CSO (D. Mont. Judgment of dismissal filed December 30, 2009); *Wallace v. Hamm, et al.*, CV-12-00073-BLG-RFC (D. Mont. Judgment of dismissal filed October 5, 2012); *Wallace v. Sioux-Assinniboine Corrections, et al.,* CV-15-00030-GF-BMM (D. Mont. Judgment of dismissal filed November 16, 2015); and *Wallace v. CIA/BIA Corrections, et al.*, CV-15-00055-M-DLC (D.Mont. Judgment of dismissal filed January 6, 2016).

Mr. Wallace has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g).

On September 26, 2016, the Court gave Mr. Wallace an opportunity to provide factual information to establish that he is in "imminent danger of serious physical injury." (Doc. 4.) Mr. Wallace responded on October 3, 2016, indicating that the infirmary primary care providers at Montana State Prison where he is currently incarcerated are negligent in treating his liver problems. (Doc. 5.)

A plaintiff who has three strikes under § 1915(g) may still proceed in forma

pauperis by showing that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception only "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). The complaint is the focus of the inquiry. *Id.*; *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

The plaintiff must show a nexus between the imminent danger alleged in the complaint and the claims it asserts. *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2nd Cir. 2009). This means that the plaintiff must show that (1) the imminent danger of serious physical injury is fairly traceable to the unlawful conduct asserted in the complaint and (2) a favorable judicial outcome would redress that injury. *Id.*

Under certain circumstances, imminent danger may arise from the denial of medical treatment for serious or life-threatening diseases. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (withdrawal of medications for HIV and hepatitis); *Ciapaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (denial of medication for psychiatric disorders caused plaintiff heart palpitations, chest pains and paralysis). However, the exception does not apply where the prisoner is receiving medical treatment but disputes the quality of treatment he is receiving. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3rd Cir. 2013) (allegations of

disagreements about quality of medical care insufficient to show imminent danger) *abrogated in part on other grounds by Coleman v. Tollefson*, ––– U.S. ––––, 135 S.Ct. 1759, 1763 (2015); *Brown v. Beard*, 492 F.Supp.2d 474, 478 (E.D.Pa. 2007).

Mr. Wallace's disagreements with prison medical personnel about the course or adequacy of any treatment he is receiving does not establish imminent danger. There is no allegation that Mr. Wallace is being denied treatment. Rather he only alleges incompetence and negligence and that medical providers have given him too many medications and anti-biotics. (Doc. 5.)

The Court finds that Mr. Wallace was not under imminent danger of serious physical injury at the time he filed his complaint. As such, his motion to proceed in forma pauperis should be denied.

Mr. Wallace is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Accordingly, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Wallace's Motion to Proceed in Forma Pauperis (Doc. 1) should be DENIED pursuant to Local Rule 3.1(d)(4).

2. This matter should be closed if Mr. Wallace fails to pay the $400.00

filing fee within 21 days of the adoption of these Findings and Recommendations.

DATED this 15th day of November 2016.

     /s/ John Johnston
John Johnston
United States Magistrate Judge